**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Patrick Michael JACKSON, a/k/a "Buns", Defendant-Appellant.**

No. 88–2224.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 17, 1988.

---

13. Fed.R.Civ.P. 52(a).

Louis Dugas, Jr., Orange, Tex., for defendant-appellant.

Bob Wortham, U.S. Atty., James O. Jenkins, Asst. U.S. Atty., Beaumont, Tex., for plaintiff-appellee.

Before GEE, GARWOOD, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

We are asked to review the pretrial detention order issued by the district court against defendant Patrick Michael Jackson, who was charged with multiple violations of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq. In this Circuit, we must uphold the district court's order "if it is supported by the proceedings below," [1] a narrow standard of review that we recently equated to the abuse of discretion standard. See *United States v. McConnell*, 842 F.2d 105, 106, 108 n. 3 (5th Cir.1988). The defendant has convinced us that the district court's order must be vacated and remanded.

Jackson was indicted with over a dozen co-defendants on charges relating to the manufacture and distribution of methamphetamine from 1979 forward. He is identified as a participant or co-conspirator in six counts of a 64-count indictment and in a series of overt acts named in the indictment, the last of which allegedly occurred on May 13, 1984. The first count of the indictment charges, moreover, that Jackson and others participated in a conspiracy from or about 1979 and continuing up to and including the date of the indictment to manufacture phenylacetone and methamphetamine and to distribute methamphetamine.

---

1. *United States v. Fortna,* 769 F.2d 243, 250 (5th Cir.1985). The circuit courts are divided over the appropriate appellate standard of review of pretrial detention orders. Compare cases cited in *United States v. Hurtado,* 779 F.2d 1467, 1470–71 (11th Cir.1985).

■ Pursuant to the elaborate scheme set forth in 18 U.S.C. § 3142 governing the detention of defendants pending trial, Jackson first appeared before a magistrate, who ordered him detained based on his failure to rebut the statutory presumption that pretrial detention is required to assure the appearance of a defendant at trial and the safety of the community if there is probable cause to believe that he committed an offense prescribed in the Controlled Substances Act for which the maximum term of imprisonment exceeds ten years. 18 U.S.C. § 3142(e) (hereinafter referred to as the § 3142(e) presumption). The district court agreed with this assessment and affirmed the pretrial detention. The district court did not specifically cite 18 U.S.C. § 3142(g), which requires certain factors to be considered in assessing the risk attendant on pretrial release of a defendant.[2] The court did find, however, that the defendant had not rebutted the evidence of probable cause embodied in Count One of the indictment. The court found that although the defendant has substantial community ties to Houston, including a job, home and family, it is also undisputed that he is a member of the Houston Cloverleaf Chapter of the Bandidos motorcycle club. The court then addressed the consequences of his membership in the Bandidos as follows:

According to evidence submitted by the government at the hearing, members of the Bandidos Motorcycle Clubs do not consider themselves to be law abiding citizens, but make their money primarily through drug trafficking, prostitution, and the sale of stolen property, guns, and automatic weapons, and engage in acts of violence against those who oppose them. They also have a code of retribution against anyone who testifies against them. Further, the evidence was that in order to become a member of the Bandidos, a prospect must commit a felony with fellow members observing. The evidence presented also reflects that the Bandidos Motorcycle Club is a nationwide organization, composed of many local chapters, and the Club therefore has the ability to hide fugitives from justice. The defendant's membership in a nationwide organization capable of hiding fugitives from justice, coupled with his substantial penal exposure in this case, could easily motivate him to flee.

From this evidence, the court concluded that no condition or combination of conditions could reasonably assure the appearance of Jackson at trial or the safety of the community if he were released.[3]

■ On appeal, Jackson contends that the court did not make adequate findings

---

2. Section 3142(g) provides in relevant part:

(g) Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation,

on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release....

3. Assurance of trial presence must be proven by the preponderance of evidence and assurance of community safety by clear and convincing evidence. *Fortna,* 769 F.2d. at 250, 251 n. 7. Because the same evidence is used to prove assurance of both trial presence and community safety, an erroneous evaluation of evidence of trial presence will necessarily mean an erroneous evaluation of evidence of community safety since evidence of the former is evaluated under the lower standard of proof. Because evidence of the community safety is evaluated under the higher standard, an erroneous evaluation of evidence of that issue will not necessarily result in an automatic erroneous evaluation of evidence of trial presence, however.

to support its order on the ground of risk of flight and that the § 3142(e) presumption does not apply to him because the overt acts with which he has been charged occurred prior to the amendment of 21 U.S.C. §§ 801 et seq. and hence before the punishment for those acts exceeded § 3142(e)'s ten-year requirement.

The error in Jackson's second contention is easy to dispel. He states that the overt acts charged against him all allegedly occurred prior to October 12, 1984, when the maximum punishment under the Controlled Substances Act increased to ten years or more. Because the overt acts attributed to him allegedly preceded that date, when the maximum punishment was less than ten years, he contends that the. § 3142(e) presumption against release is inapplicable to him. The government, however, was not required to allege overt acts in the indictment and may prove additional overt acts not listed in the indictment. *United States v. Khan,* 728 F.2d 676, 681 (5th Cir.1984); *United States v. Diecidue,* 603 F.2d 535, 563 (5th Cir.1979), cert. denied sub nom., 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 781 (1980). The indictment charges that Jackson participated in a conspiracy that was ongoing from 1979 to at least August 27, 1987. Thus, Jackson is alleged to have violated the Controlled Substances Act conspiracy provision, 21 U.S.C. § 846, after the effective date of the amendment increasing its minimum penalty to ten years imprisonment. His involvement in the conspiracy is subject to the increased penalty provision. See *United States v. Baresh,* 790 F.2d 392, 404 (5th Cir.1986); *United States v. Todd,* 735 F.2d 146, 150–51 (5th Cir.1984), *cert. denied,* 469 U.S. 1189, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985). Thus, the rebuttable presumption under the Bail Reform Act applies to Jackson.

■ Whether the government carried its burden, even with the presumption, of establishing the need to detain Jackson prior to trial is a much more difficult question. We initially note that the language of § 1342(g) mandates district court review of certain factors ("The judicial officer *shall* . . . take into account the available information . . .") (emphasis added).

Although not recited in its opinion, the district court heard testimony that Jackson has lived in Houston his entire life and is employed there, is married, and is a homeowner. He was previously arrested for burglary, explosives possession, assault with intent to commit homicide, car theft, possession of stolen property, larceny and disorderly conduct, but he was not convicted on any of these charges. Jackson's attorney in a previous criminal case testified that he made all of his court appearances, even when the attorney himself was not able to attend. The government introduced no testimony regarding Jackson's specific participation in the offenses alleged in the indictment.

A district court can only rule on the basis of the evidence before it, and the government, in our view, did not make a serious attempt, beyond resting on the § 3142(e) presumption and Jackson's association with the Bandidos, to support its request for pretrial detention. The government made no effort to advise the trial court concerning the "weight of the evidence" against Jackson, the second factor listed in § 3142(g). On the contrary, the only DEA agent who testified at the pretrial detention hearing knew a lot about the Bandidos motorcycle organization but could identify no evidence that the government had concerning Jackson's involvement in the manufacture and distribution of methamphetamine. We have found no other case in which such an utter absence of incriminatory evidence existed.[4] The absence of

---

**4.** Compare *United States v. Trosper,* 809 F.2d 1107 (5th Cir.1987) (substantial evidence that defendant possessed large amounts of cash and numerous sources of false identification); *United States v. Cantu–Salinas,* 789 F.2d 1145, 1146 (5th Cir.1986) ("government has produced credible evidence upholding" charges concerning cocaine distribution); *Fortna,* 769 F.2d at 252

("[T]he record [is] amply sufficient to support the determination that there was probable cause to believe that Fortna was guilty of conspiring to illegally import massive amounts of cocaine[.]"); *United States v. Volksen,* 766 F.2d 190 (5th Cir.1985) (government presented evidence of Volksen's participation in numerous drug and unlawful firearms transactions in addition

such evidence is critical for two reasons. First, the government cannot reasonably argue that the § 3142(e) presumption, coupled with the allegations of the indictment against Jackson, are alone sufficient to satisfy § 3142(g). If this were so, there would be no need for Congress to have specified "the weight of the evidence against the person" as a separate factor for the district court to consider in evaluating the risk of flight posed by the defendant. See § 3142(g)(2). The government's introduction of extrinsic incriminatory evidence in prior cases involving the § 3142(e) presumption, see supra note 4, supports the conclusion that this is a required feature of the government's proof. Section 3142(g)(2) *requires* the court to consider such evidence, but the government furnished none here.

Second, where the defendant has presented considerable evidence of his longstanding ties to the locality in which he faces trial, as did Jackson, the presumption contained in § 3142(e) has been rebutted. Although as we emphasized in *Fortna,* 769 F.2d at 251, the presumption necessarily remains in the case because of Congressional determination that drug offenders pose special risks of flight, here we face little more than the presumption to support the government's request for pretrial detention. Jackson had been arrested several times but never convicted, and he is a member of a notorious motorcycle gang. Although the government introduced a lengthy affidavit suggesting that the Bandidos are committed to lawlessness and violence, the affidavit was based on generalizations that related only indirectly to the acts alleged in the indictment and mentioned no act performed by this defendant. Certainly, the defendant's associations with malefactors should be considered under § 3142(g), but the generalized evidence of such associations, along with the § 3142(e) presumption, is simply insufficient to furnish the mainstay of an order of pretrial

detention, given Jackson's rebuttal evidence.

The court's detention order lacks adequate support in the record because the Court did not consider the impact of § 3142(g)(2) in its decision. For this reason its entry under the circumstances of this case represented an abuse of its discretion. We must therefore VACATE and REMAND the trial court's order for reconsideration in accordance herewith.[5]

---

to evidence that Volksen was associated with the Bandidos).

**5.** Jackson has also complained that the district court did not review the magistrate's detention

order promptly, for which reason he apparently conceives himself entitled to bail. This argument is moot because of our disposition of the case.