7 F.3d 1046
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose REYES-RODRIGUEZ, Defendant-Appellant.
 No. 93-2241.
 United States Court of Appeals, Tenth Circuit.
 Oct. 7, 1993.
 
 Before McKAY, Chief Judge, LOGAN, and ANDERSON, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Defendant Jose Reyes-Rodriguez, a Mexican citizen and legal resident of the United States, was arrested by United States Border Patrol agents on July 18, 1993, at the Truth or Consequences, New Mexico, checkpoint in connection with the discovery of a substantial quantity of marijuana in the back of his vehicle. He appeals from the district court's order affirming the magistrate judge's order of detention pending his trial on a charge of possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B). We exercise jurisdiction under 18 U.S.C. 3145(c) and 28 U.S.C. 1291, and we affirm.
 
 
 2
 Our review of the detention order is "plenary as to mixed questions of law and fact and independent, with due deference to the district court's purely factual findings." United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir.1991).
 
 
 3
 The district court correctly determined that, because the maximum term of imprisonment for the drug offense with which defendant is charged is forty years, it is presumed, subject to rebuttal, that no combination of conditions upon release would assure defendant's appearance when required or the safety of the community. See 18 U.S.C. 3142(e). The burden thus shifted to defendant to produce some evidence that he is not a flight risk or dangerous to any person or the community. Stricklin, 932 F.2d at 1354. The ultimate burden of persuasion, however, remained with the government. Id. at 1354-55. Risk of flight must be proved by a preponderance of the evidence; danger to the community must be proved by clear and convincing evidence. United States v. Jackson, 845 F.2d 1262, 1264 n.3 (5th Cir.1988).
 
 
 4
 Under the statute, the district court was required to consider, among other factors: (1) the nature of the offense; (2)the weight of the evidence against defendant; (3) defendant's history and personal characteristics, including his family ties, length of residence in the community, community ties, employment, criminal history, and past conduct; and (4) the nature and seriousness of the danger that would be posed by defendant's release. See 18 U.S.C. 3142(g). Defendant contends that he met his burden to rebut the presumption that he should be detained.
 
 
 5
 Even if a defendant meets his burden of production, however, the 3142(e) presumption remains a factor to be considered by the district court. Stricklin, 932 F.2d at 1355. We have carefully reviewed the briefs and the record on appeal. We conclude the district court adequately considered the statutory factors and correctly found that the government had proved by a preponderance of the evidence that defendant is a flight risk and that no combination of conditions upon release would assure his appearance when required. Therefore, the district court properly affirmed the magistrate judge's order of detention. Because we conclude that defendant is a flight risk, it is unnecessary for us to reach the question whether the government proved by clear and convincing evidence that defendant would be a danger to any person or the community if released. See 18 U.S.C. 3142(c)(1).
 
 
 6
 Defendant also filed a motion to supplement the record in this case with the Pretrial Services Report. We note that the report was discussed in part in two of the hearings in this matter, see Appellant's Br. at A23, A42-43, and Pretrial Services' recommendation was that defendant be detained pending trial. Id. at A9, A23. Because defendant does not indicate what information is provided in the Pretrial Services Report that is not already before the court and would have a bearing on the court's decision, the motion to order the district court to release the Pretrial Services Report is denied.
 
 
 7
 The order of the United States District Court for the District of New Mexico is affirmed.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3