UNITED STATES of America

v.

**Randall Elwood GOURLEY Walter George Mace, Jr. Roy Talamantes Garza Ramon Contreras Tomas Santana Albert Pena Villarreal Gerardo Tellez Torres.**

**Criminal No. L–96–130.**

United States District Court,
S.D. Texas,
Laredo Division.

July 8, 1996.

David Richard Bires, Bires and Schaffer, Houston, TX, for Randall Elwood Gourley.

Knox Jones, Jones & Welch, McAllen, TX, for Walter George Mace, Jr.

Sylvia Turner Yarborough, Houston, TX, for Roy Talamantes Garza.

Irvin Sheldon Weisfeld, Brownsville, TX, for Ramon Nmi Contreras.

Gus A. Saper, Houston, TX, for Tomas Nmi Santana.

Yvonne Salinas Gonzalez, U.S. Attorneys Office, Laredo, TX, for the U.S.

**414**

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending before the Court are motions for revocation of detention order (Docket Nos. 2, 3) from Defendants Garza and Gourley ("Defendants")[1]. The Government filed a combined response (Docket No. 30) on May 28, 1996.

## BACKGROUND

The Defendants were arrested on April 19, 1996 in Houston, Texas. The Defendants appeared before United States Magistrate Judge Mary Milloy for an initial appearance on April 22, 1996. On April 24, 1996, Judge Milloy conducted a preliminary hearing, during which Assistant United States Attorney Eric Smith withdrew the Government's motion to detain and agreed upon a $100,000.00 bond (*See* transcript attached to Docket No. 2). Judge Milloy informed the Defendants that although the Government had initially requested detention, "in the interim, Mr. Smith, on behalf of the Government, has withdrawn that request. So, there is no longer a request from the Government that you be held without bond." (Docket No. 2, transcript at page 12). Defendants Garza and Gourley were given $100,000 bonds with 10% security deposits. In addition, Judge Milloy imposed travel restrictions and mandatory participation in drug-alcohol treatment programs. These conditions of release were consistent with the Pretrial Services recommendations[2].

Defendants Garza and Gourley were released from custody. On April 26, 1996, the complaint in the Houston case was dismissed by AUSA Smith, apparently after the U.S. Attorney's Office decided to refile the case in the Laredo Division. On April 29, 1996, the Defendants appeared before United States Magistrate Judge Calvin Botley for an initial

appearance on the Laredo complaint. However, this time, the Government moved for detention in a April 30, 1996 hearing. After the hearing, conducted pursuant to 18 U.S.C. § 3142(f), Judge Botley ordered the Defendants detained. (*See* Docket No. 2, Exhibit C—Detention Order filed May 3, 1996). Judge Botley found that Defendants failed to rebut the statutory presumption of dangerousness to the community under 18 U.S.C. § 3142(e).

## DEFENDANTS' PROCEDURAL CHALLENGE TO THE DETENTION ORDER

Defendants argue that because the motion for detention before Judge Milloy was withdrawn, the Government should not have been allowed to re-litigate the issue before Judge Botley.

■ Section 3142(f) provides that a detention hearing may be reopened only when:

the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). From the premise that the hearing before Judge Milloy constituted the first detention hearing for § 3142(f) purposes, Defendants conclude that the Government had the burden to show the existence of new evidence to justify the second hearing. Alleging that the Government failed to show any new evidence, Defendants argue that the original bond agreement should be honored and the detention order revoked. The Government counters that only one detention hearing has been held pursuant to § 3142(f), namely the hearing before Judge Botley.

---

1. Defendant Contreras filed a similar motion but has indicated that he is going to enter a guilty plea, and is set for rearraignment on July 2, 1996. In the event that the plea does not occur, the Court will reconsider his motion.

2. The Houston pretrial services reports recommended detention for Defendants Contreras and Garza and bond for Defendant Gourley. With

regard to Defendant Garza, however, Houston Pretrial Services Officer Dalia Villalpando withdrew the recommendation of detention in open court before Judge Milloy. In an addendum to the initial report, Officer Villalpando explained that the detention recommendation was withdrawn after further assurances from Defendant Garza's brother were received. The Laredo pretrial services reports recommend detention for all defendants.

(Docket No. 30 at page 3). Under the Government's theory, the first "hearing" before Judge Milloy was not a § 3142(f) hearing and, thus, did not trigger the burden to produce new evidence.

The Court concludes that the Government's analysis is correct. The language of 18 U.S.C. § 3142(e) is instructive:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community, such judicial officer shall order the detention of the person before trial.

§ 3142(e). A defendant cannot be detained unless a hearing **pursuant to the provisions of § 3142(f)** has been conducted. Section 3142(f) lists many procedural safeguards given to a defendant in the detention hearing. Further, § 3142(g) lists the factors that a judge must consider when making the detention determination.

The preliminary hearing conducted before Judge Milloy was in no sense a "hearing conducted pursuant to the provisions of 18 U.S.C. § 3142(f)." Instead, as Judge Milloy commented, the Government had withdrawn its motion to detain and agreed to bond. No evidence was submitted nor, from the record, does it appear that Judge Milloy weighed the § 3142(g) factors. Obviously, since the Government agreed that the Defendants would be released on bond, such an analysis was unnecessary. The hearing before Judge Botley was the first hearing held pursuant to § 3142(f) and, therefore, the Government was under no burden to present new evidence.[3]

■ Defendants' argument reduces to a theory of estoppel, *i.e.*, once the Government had agreed to a bond before Judge Milloy, it should not have been allowed to later request detention. Defendants do not offer, nor is

the Court cognizant of, any legal support for this proposition.

■ Defendant Gourley also suggested during a June 13, 1996 hearing, that the Government's motion for detention violated the prompt hearing requirement under 18 U.S.C. § 3142(f). He alleges that the Government's re-filing of the case in Laredo was a tactical subterfuge designed, among other things, to allow the Government to re-litigate the detention issue. Even if the Government's actions could be construed as a violation of the prompt hearing requirement under § 3142(f), it is well-established that such a violation "does not defeat the Government's authority to seek detention of the person charged." *United States v. Montalvo–Murillo,* 495 U.S. 711, 717, 110 S.Ct. 2072, 2077, 109 L.Ed.2d 720 (1990).

Accordingly, Defendants' procedural challenges to Judge Botley's detention order are without merit.

### DEFENDANTS' SUBSTANTIVE CHALLENGE TO THE DETENTION ORDER

Defendants Gourley and Garza claim Judge Botley erred in finding that they had failed to rebut the presumption of dangerousness to the community under 18 U.S.C. § 3142(e).

■ The Court must review Judge Botley's detention order *de novo* and make an independent determination of detention or proper conditions for release. *United States v. Rueben,* 974 F.2d 580, 585 (5th Cir.1992), *cert. denied,* 507 U.S. 940, 113 S.Ct. 1336, 122 L.Ed.2d 720 (1993).

[5, 6] The indictment constitutes a sufficient neutral probable cause determination that defendants committed offenses in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, which impose a maximum sentence of ten years or more.[4] *United States v. Jackson,* 845 F.2d 1262, 1265 (5th Cir.1988). Therefore, under 18 U.S.C.

---

**3.** The Court also notes that because no evidence was presented to Judge Milloy, all the evidence submitted to Judge Botley was "new" in the sense that no judicial officer had yet made the relevant analysis under § 3142(f).

**4.** The testimony of United States Customs Service Agent Armando Gonzales in the detention hearing also provided probable cause that defendants committed the charged offenses.

§ 3142(e), a rebuttable presumption arises that no conditions of release would, first, reasonably assure the Defendants' appearance as required or second, assure the safety of the community. 18 U.S.C. § 3142(e). If either presumption remains unrebutted, defendants may be detained. *Rueben,* 974 F.2d at 586 (failure to rebut either presumption "is sufficient; both are not required"). Judge Botley found that although Defendants Garza and Gourley rebutted the presumption of flight, they failed to rebut the presumption of dangerousness. The Court agrees with Judge Botley on the risk of flight issue.

■■■■■ As to dangerousness to the community, however, Judge Botley technically erred in finding that the Defendants failed to rebut the presumption under § 3142(e). The presumption shifts only the burden of production, not the burden of persuasion. *United ed States v. Hare,* 873 F.2d 796, 798–99 (5th Cir.1989); *United States v. Fortna,* 769 F.2d 243, 251 (5th Cir.1985). The Defendant must produce only some evidence tending to rebut the presumption. The Defendants' cross-examination of the government witness during the detention hearing and proffering of their own witnesses was sufficient to rebut the presumption of dangerousness. *See Hare,* 873 F.2d at 798–99; *Fortna,* 769 F.2d at 251. The burden of persuasion remained on the Government under § 3142(f) to prove by clear and convincing evidence that no conditions of release would reasonably assure the safety of the community.

■■■■■ The statutory presumption of dangerousness, even when rebutted, does not disappear, and the Court may still consider Congress' finding that drug offenders pose a special risk of danger to society in determining whether the Government satisfied its burden of persuasion. *Hare,* 873 F.2d at 798–99 (statute creates "an unusual set of weights and measures in which the burden of persuasion is on the government, not the defendant, but the presumption may be weighed in the evidentiary balance"); *Fortna,* 769 F.2d at 251. In light of the continuing effect of the statutory presumption, and after a thorough review of Defendants' motions, Judge Botley's detention order, the

pretrial services reports, and the transcript of the detention hearing, the Court agrees that detention is warranted as to Defendant Gourley. The testimony and evidence presented at the detention hearing before Judge Botley constitutes clear and convincing proof that Defendant Gourley was actively engaged in the importation and distribution of over 1,000 kilograms of cocaine. The extremely large quantity of cocaine weighs heavily in the detention analysis, since § 3142(g) dictates that the Court consider the "nature and circumstances of the offense charged, including whether the offense ... involves a narcotic drug." Moreover, the seizure of such a large load increases the risk that Defendant Gourley would continue the illegal activities in order to recoup the loss. This "risk of continued narcotics trafficking on bail does constitute a risk to the community." *Rueben,* 974 F.2d at 586; *Hare,* 873 F.2d at 798. While Defendant Gourley presented evidence of longstanding ties to the community and proffered several individuals and sureties in support of his motion, such evidence, while perhaps relevant to the risk of flight, does not affect the issue of whether any conditions of release would reasonably assure the safety of the community.

Further, Defendant Gourley's claim that the case against him is "slight" with "no evidence to show he was aware cocaine was secreted in the trailer" is dubious because, by his own admission, he was present at the warehouse when the load was seized, and he assisted co-defendant Garza in acquiring cardboard boxes, a hammer, and a chisel, materials used for packaging and unloading the contraband. (Docket No. 3 at page 8). Defendant Gourley also owned the warehouse. Moreover, two additional tractor trailers were found under conditions suggesting even more narcotics activity. The Court is aware of the "importance and fundamental nature" of Defendant Gourley's liberty interest; however, due to the seriousness of the charges and the weight of the evidence against him, this interest must be "subordinated to the greater need of society." *United ed States v. Salerno,* 481 U.S. 739, 750–51, 107 S.Ct. 2095, 2103, 95 L.Ed.2d 697 (1987).

Concerning Defendant Garza, however, other factors relevant to the risk of dangerousness suggest that a conditioned release is justified. Although the nature of the charged offense weighs equally against Defendants Garza and Gourley, § 3142(g) also mandates that the Court consider, among other factors, the weight of the evidence against each defendant, his prior conduct, and other personal characteristics, including his physical health. As Judge Botley indicated during the detention hearing, the evidence against Defendant Garza is "less tenable" than against Defendant Gourley. There is probable cause to believe Garza was involved in the offense, but the evidence presented at the hearing suggests that his involvement was primarily as an assistant to Defendant Gourley. Additionally, Defendant Garza has no criminal record[5]. Finally, Defendant Garza suffers from a serious heart condition for which he has been under professional medical treatment. Under these circumstances, there is not clear and convincing evidence to support the finding that no conditions of release would reasonably assure the safety of the community. Defendant Garza's motion will be granted.

### CONCLUSION

Defendant Gourley's motion to revoke detention order (Docket No. 3) is DENIED.

Defendant Garza's motion (Docket No. 2) is GRANTED and he is ordered released on the following conditions:

    (1) $250,000 cash or surety bond;

    (2) pretrial supervision;

    (3) random urinalysis and treatment if requested by pretrial services;

    (4) home confinement with electronic monitoring;

    (5) not to obtain passport; and

    (6) all other standard conditions, not inconsistent with the above requirements.

---

**5.** While Defendant Gourley also has only one prior offense that was subsequently dismissed, the evidence in the instant case suggests that he played a much more central role in the scheme.