# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J.  Fisher, Jr.                                     Elisabeth A.Shumaker
Clerk                                                       Chief Deputy Clerk

May 14, 1997


**TO:**   All recipients of the captioned order and judgment

**RE:**   97-5036
          April 14, 1997


Please be advised of the following correction to the captioned decision:

Due to a typographical error, a citation in the decision is incorrect.  In the last paragraph on page five, § 3182(g) should read § 3142(g).

Please make the appropriate correction.

Very truly yours,

Patrick Fisher, Clerk



Susie Tidwell
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 14 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALAN DALE NUCKOLLS, also
known as Big Al,

Defendant-Appellant.

No. 97-5036
(D.C. No. 96-CR-151-H)
(N.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before EBEL, KELLY, and HENRY, Circuit Judges.

Defendant-appellant Alan Dale Nuckolls seeks review of an order of the

United States District Court for the Northern District of Oklahoma affirming a

pretrial detention order. Mr. Nuckolls has been charged, by indictment, with

conspiracy to distribute narcotics under 21 U.S.C. § 846. The government also

seeks forfeiture under 21 U.S.C. §§ 848 and 853.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant was detained following a hearing before a magistrate judge on December 13, 1996. Both the magistrate judge and the district court determined that there was probable cause to believe that defendant had committed an offense punishable by a maximum term of ten years or more imprisonment; that defendant had not rebutted the attendant presumption under 18 U.S.C. § 3142(e) that no conditions of release would "assure the appearance of the person as required and the safety of...the community"; and that there was a serious risk that the defendant would endanger the safety of another person or the community.

On appeal defendant contends "that the statutory presumption in favor of detention, and general allegations of danger to the community, especially when there is evidence to the contrary, is insufficient to order detention." He also claims that he has met his burden of production rebutting the presumption. The government argues that there was no evidence presented from which the court could conclude that defendant had rebutted the presumption of detention and, specifically, that defendant did not pose a danger to the community.

The government's evidence consisted primarily of the testimony of an Oklahoma law enforcement officer who described the search of defendant's residence from which of drugs, weapons, money, and police scanning devices were recovered. The only evidence offered in rebuttal consisted of a description of defendant's status as a homeowner and tax payer with ties to the community

and a docket sheet from the state court proceedings indicating defendant had appeared in court as required for those proceedings.

This court's review of detention or release orders is plenary at least as to mixed questions of law and fact, and independent, with due deference to the trial court's purely factual findings. United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991) (citation omitted). We have reviewed the parties' briefs, including transcripts of the hearings below, and we affirm the district court.

Once the presumption under 18 U.S.C. § 3142(e) (here, established by the grand jury indictment and the parties' agreement that the presumption applies) has been invoked, the burden of production shifts to the defendant. Although the burden is not heavy, some evidence must be produced. And, even if the defendant's burden is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain a defendant. Id. at 1354-55. See also United States v. Cook, 880 F.2d 1158, 1162 (10th Cir. 1989) (citations omitted).

The court may still consider the finding by Congress that drug offenders pose a special risk of flight and danger to the community. United States v. Hare, 873 F.2d 796, 798-99 (5th Cir. 1989) (footnote omitted); see also United States v. Cook, 880 F.2d at 1161 (Committee on Judiciary emphasized that risk a defendant

will continue to engage in drug trafficking is danger to safety of any other person or to community).

Defendant relies heavily on his appearances in connection with the pending state court proceedings. However, the basis for detention in this case was not the likelihood of failure to appear, but rather dangerousness to the community. See United States v. Rueben, 974 F.2d 580, 586 (5th Cir. 1992) (for imposition of pretrial detention, lack of reasonable assurance of either defendant's appearance or safety of community is sufficient; both are not required). Although government's evidence of a longstanding drug trafficking operation may not have been great, defendant presented absolutely no evidence that he would not continue such trafficking if released pending trial. See id. at 587.

Defendant also relies on United States v. Jackson, 845 F.2d 1262 (5th Cir. 1988), and United States v. Dominguez, 783 F.2d 702 (7th Cir. 1986), in support of his claim "that the statutory presumption in favor of detention, and general allegations of danger to the community, which is what we have here, is insufficient to order detention." Appellant's memorandum brief, p. 4. Neither case is factually applicable to defendant's situation. In Jackson, the court determined that the district court's pretrial detention order was improperly based on defendant's membership in a motorcycle club of dubious reputation. 845 F.2d at 1264. The court also found that the government had made no serious attempt

beyond resting on the presumption and the motorcycle club association to support detention. 845 F.2d at 1265-66. Here, in contrast, the government introduced evidence of the discovery of drugs, guns, money and police scanning equipment found at defendant's residence and testimony that an informant had implicated defendant in drug sales.

The court in Dominguez held that the district court's detention order was incorrectly based strictly on the application of the presumption, which was error because the presumption had been preliminarily rebutted, 783 F.2d at 706-07. Here, the district court considered and rejected defendant's argument that the government was relying solely on the statutory presumption.

The district court did not make particularly detailed or specific findings. However, defendant did not proffer any evidence designed to counter the factors supporting the government's presumption, i.e., the drugs, guns, money, and police scanning devices. Although the district court's decision may lack detailed analysis of the § 3182(g) factors, see, e.g., United States v. Nichols, 897 F. Supp. 542 (W.D. Okla.), aff'd, 61 F.3d 917 (10th Cir. 1995) (table), the findings and conclusions of the district court and magistrate judge are adequate to support the pretrial detention determination.

Accordingly, the judgment of the United States District Court for the

Northern District of Oklahoma is affirmed.  The mandate shall issue forthwith.


                    ENTERED FOR THE COURT
                    PER CURIAM