IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20310
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellant,

versus

JANADRICK KEMONT DRONES,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-125-3
- - - - - - - - - -

October 5, 1999

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    The Government appeals from the district court's order
granting conditions of release for appellee pending retrial.  The
Government argues that the district court's order of release is
not supported by the proceedings below given the presumption that
no condition of release would assure the safety of the community
and in consideration of the other factors identified in 18 U.S.C.
§ 3142(g).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Absent an error of law, this court will uphold a district court's pretrial detention order if it is supported by the proceedings below, see United States v. Fortna, 769 F.2d 243, 250 (5th Cir. 1985), a standard of review this court has equated to an abuse-of-discretion standard. United States v. Rueben, 974 F.2d 580, 586 (5th Cir. 1992).

Janadrick Kemont Drones emphasizes his family ties and their willingness to provide him with a place to stay if he is released, but his risk of flight is not at issue. Drones argues that the Government's case is weak. The Government notes that Drones has already been convicted once by a jury, and its case against Drones includes Sergeant Haire's eyewitness testimony as to Drones' presence in the Mustang during the drug transaction. The district court, of course, has set aside Drones' conviction and ordered a new trial. That decision, however, is currently under review by this court.

The Government has presented some inculpatory evidence. United States v. Jackson, 845 F.2d 1262, 1266 (5th Cir. 1988). Under the circumstances, however, we consider this factor to favor neither his release nor his continued detention.

The rebuttable presumption that Drones poses a risk to the community remains a factor weighing against his release. United States v. Hare, 873 F.2d 796, 798 (5th Cir. 1989). Drones violated the terms of his state deferred adjudication, he thereafter violated the terms of his state parole, and later still, he violated the conditions of his release pending the Government's prior direct appeal in the instant proceeding. His

past conduct therefore weighs against his release. § 3142(g)(3)(A). His history of drug abuse, criminal history, and presence on parole at the time of the current offense also weigh against his release.

We conclude that the evidence as a whole does not support the conclusion that Drones is not a danger to the community. Accordingly, the district court's decision to issue conditions of release for Drones is not supported by the proceedings below and, thus, constitutes an abuse of discretion. The court's decision is therefore REVERSED and REMANDED to the court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.