UNITED STATES of America,
Plaintiff,

v.

Richard Revel CRUICKSHANK,
Defendant.

No. CIV.A. 01–CR–145–B.

United States District Court,
D. Colorado.

June 15, 2001.

James R. Allison, United States Attorney's Office, Denver, CO, for plaintiff.

Charles Szekely, Federal Public Defenders Office, Harvey Abe Steinberg, Springer & Steinberg, P.C., David Barry Savitz, David B. Savitz, Attorney at Law, Denver, CO, Jeffrey Paul Matthews, Jeffrey P. Matthews, PC, Lakewood, CO, for defendant.

## ORDER

BABCOCK, Chief Judge.

Defendant Richard Revel Cruickshank moves, pursuant to 18 U.S.C. § 3145(a)(1), for review of Magistrate Judge Coan's May 22, 2001 detention order. In that order, Magistrate Coan concluded, as a matter of law, pursuant to 18 U.S.C. § 3142, that there were no conditions, nor combination of conditions, that could be set on a bond that would ensure the safety of the community.

On June 14, 2001, I held a hearing for review of the detention order. The defendant appeared personally and was represented by his attorney, Harvey A. Steinberg. At the close of the hearing, I announced that Mr. Cruickshank's request for pretrial release was denied. Pursuant to 18 U.S.C. § 3142(i), I now issue my written findings of fact and a written statement of the reasons for detention.

## I. BACKGROUND

Mr. Cruickshank is charged in a one count indictment with Possession of a Weapon by a Prohibited person under 18 U.S.C. § 922(g)(1). The Indictment alleges that Mr. Cruickshank was a prohibited person by listing two of his several felony convictions, namely Second Degree Burglary and Possession of a Controlled Substance.

On March 1, 2001, Mr. Cruickshank was involved in a single-vehicle accident. He was injured in the accident and, as he was being attended to, officers noticed a bulge in his pants. He was patted down and a loaded handgun was found in his waistband.

Mr. Cruickshank has a lengthy criminal history. At the time of this incident, Mr. Cruickshank was out on bond in two separate Adams County felony prosecutions, both for Possession of a Controlled Substance. In addition, there was an outstanding warrant for his arrest relating to a traffic offense. And, there is a question as to whether he was still on probation for a conviction in the City and County of Denver.

## II. DISCUSSION

■ I review the magistrate's detention order de novo. *See United States v. Maull,* 773 F.2d 1479, 1481 (8th Cir.1985); *United States v. Leon,* 766 F.2d 77, 80 (2d Cir.1985).

■ "If, after a [detention] hearing ..., [I] find[ ] that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, [I] shall order the detention of the person before trial." 18 U.S.C. § 3142. Risk of flight must be proved by a preponderance of the evidence; danger to the community must be proved by clear and convincing evidence. *United States v. Jackson,* 845 F.2d 1262, 1264 n. 3 (5th Cir.1988); *United States v. Orta,* 760 F.2d 887, 891 & n. 20 (8th Cir.1985).

First, I must determine whether this is the appropriate type of case for a detention hearing. Second, if a detention hearing is mandated, I must consider specific factors in determining whether there are conditions of release that will reasonably assure the appearance of Mr. Cruickshank as required and the safety of any other person and the community.

**A. Cases which require detention hearings**

18 U.S.C. § 3142(f)(1) and (2) describe the specific types of cases which require a detention hearing.

**1. Subsection (f)(1)**

Under subsection (f)(1), a hearing is required if the Government files a motion and the case involves:

(A) a crime of violence;

(B) an offense for which the maximum sentence is life imprisonment or death;

(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, ..., the Controlled Substances Import and Export Act ..., or the Maritime Drug Law Enforcement Act ...; or

(D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses.

18 U.S.C. § 3142(f)(1).

Here, the Government argues that a detention hearing is required because, under subsection (f)(1)(A), this is a case that involves a crime of violence and, under subsection (f)(1)(D), this is a case that involves a felony and Mr. Cruickshank has been convicted of two or more crimes of violence.

**a. Crime of violence: (f)(1)(A)**

The Tenth Circuit has not directly addressed whether a violation of 18 U.S.C. § 922(g)(1) is a crime of violence for pur-poses of the Bail Reform Act. Other Circuits are split on the issue.

A "crime of violence" is defined in the Bail Reform Act as:

(A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;

(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or

(C) any felony under chapter 109A ..., 110 ..., or 117.

18 U.S.C. § 3156(a)(4).

In *United States v. Singleton*, 182 F.3d 7, 16 (D.C.Cir.1999), the court concluded that the charge of a Felon in Possession of a Firearm does not trigger a detention hearing under § 3142(f)(1). In contrast, in *United States v. Dillard*, 214 F.3d 88, 97 (2d Cir.2000), the court specifically rejected the *Singleton* analysis and noted that "[t]he vast majority of courts that have considered the question have agreed with [the interpretation that a violation of 18 U.S.C. § 922(g)(1) is a crime of violence for purposes of the Bail Reform Act]." *Dillard*, 214 F.3d at 97. The court stated:

In short, if the words of the [Bail Reform] Act carry their normal meanings, possession of a gun by its nature gives rise to a risk of its use in violence; if that violent use occurs, it will occur in the course of the possession; if the possession is a criminal offense, the violent use will occur in the course of the criminal offense of possession. It therefore seems clear that the first four elements of the definition set forth in subpara-

graph 3156(a)(4)(b) apply to a felon's illegal possession of a handgun.

*Dillard,* 214 F.3d at 94 (footnote omitted).

■ I am convinced that the sound reasoning in *Dillard* is correct. I conclude that a violation of § 922(g)(1) is a crime of violence and, therefore, under 18 U.S.C. § 3142(f)(1)(A), a detention hearing is mandated in this case.

### b. Felony and has been convicted of two or more crimes of violence: (f)(1)(D)

As an alternative ground, I consider whether a detention hearing is mandated in this case under § 3142(f)(1)(D). The Government argues that (f)(1)(D) applies because this case involves a felony and Mr. Cruickshank has previously been convicted of two crimes of violence. Mr. Cruickshank concedes that this case involves a felony but argues that his previous convictions cannot be considered crimes of violence.

The Government contends that Mr. Cruickshank has three previous convictions of crimes of violence: one misdemeanor assault conviction and two burglary of a building convictions. Mr. Cruickshank asserts that he only has one burglary conviction and the Pretrial Services Report, which lists two burglary convictions, is in error, as evidenced by the same case number listed under each charge. I agree with the Defendant that the two separate convictions reflected in the Pretrial Services Report is probably an error. Therefore, I will consider only the one burglary conviction and the one assault conviction.

■ Mr. Cruickshank argues that burglary of a building is not a crime of violence. I disagree.

The United States Sentencing Commission's Guidelines Manual specifies that the only type of burglary which is considered a "crime of violence," for sentencing purposes, is "burglary of a dwelling." UNITED STATES SENTENCING COMMISSION, GUIDELINES MANUAL, 4B1.1. In contrast, Congress has included all burglaries in its definition of "violent crimes" in the Armed Career Criminal Act (ACCA), 18 U.S.C. 924(e)(2)(B). *See United States v. Smith,* 10 F.3d 724, 730 (10th Cir.1993)(noting the contrast in "crime of violence" definitions between the Sentencing Guidelines and the ACCA).

In *Taylor v. United States,* 495 U.S. 575, 588, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Supreme Court recognized that Congress included all types of burglaries as predicate offenses of the ACCA because every burglary inherently presents a serious potential risk of physical injury to another. I agree that burglary of a building presents a serious risk of physical injury to another. *Id.* ("The fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant....").

Moreover, under the Bail Reform Act, a crime that is a felony and that, by its nature, involves a substantial risk of physical force against a person *or property* of another, constitutes a "violent crime." *See* 18 U.S.C. § 3156(a)(4)(B). Burglary obviously involves a substantial risk of physical force against property of another.

I conclude that burglary of a building is a violent crime under the Bail Reform Act because it is a felony and, by its nature, it involves a substantial risk of physical force against both another person and another person's property. Therefore, Mr. Cruickshank's burglary conviction constitutes a crime of violence under the Bail Reform Act.

■ Next, Mr. Cruickshank argues that his state misdemeanor assault conviction is not a crime of violence because it is not considered a crime of violence under state

law, C.R.S. § 16–11–309. Again, I disagree.

Section 3142(f)(1)(D) specifically includes state convictions "that would have been" offenses considered crimes of violence under the Bail Reform Act "if a circumstance giving rise to Federal jurisdiction had existed." The Bail Reform Act provides its own definition of "crime of violence," 18 U.S.C. § 3156(a)(4), so the state definition is irrelevant. If federal jurisdiction had existed, Mr. Cruickshank's assault charge would have been considered a crime of violence because it is "an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person ... of another." 18 U.S.C. § 3156(a)(4)(A). Therefore, the assault conviction constitutes a crime of violence under the Bail Reform Act, regardless of how it is characterized under state law.

Mr. Cruickshank's two previous convictions, one for assault and one for burglary, constitute "crimes of violence." The current charge is a felony. Hence, a detention hearing is mandated in this case under 18 U.S.C. § 3142(f)(1)(D).

#### 2. Subsection (f)(2)

As a further alternative ground, I also consider whether § 3142(f)(2) mandates a detention hearing in this case. Under subsection (f)(2), a hearing is mandated if the Government files a motion or upon my own motion, in a case that involves:

(A) a serious risk that such person will flee; or

(B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate or attempt to threaten, injure, or intimidate, a prospective witness or juror.

18 U.S.C. § 3142(f)(2).

 Here, the Government argues that, under subsection (f)(2)(A), this case involves a serious risk that Mr. Cruickshank will flee. I agree.

On the one hand, Mr. Cruickshank has substantial family ties to the Denver metro area, he is a long term resident of the community, and he was employed and has the potential to be employed again upon release. On the other hand, in numerous previous criminal prosecutions, he has failed to appear as required by bond and, as a result, warrants for his arrest have been issued.

A central tenet of the Bail Reform Act is to ensure the attendance of defendants at appointed times in their cases. Here, it is questionable whether Mr. Cruickshank would become a fugitive—but I find that, if he is released, there is a serious risk that he will fail to appear at court proceedings, as required by bond, to defend this charge. Therefore, Mr. Cruickshank is a flight risk, as contemplated under subsection (f)(2)(A). Again, a detention hearing is mandated.

#### B. Factors to be considered

Next, I consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of Mr. Cruickshank as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources,

length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

First, the nature and circumstances of the offense have been discussed above. Mr. Cruickshank was found with a loaded gun in his waistband. He was indicted under § 922(g), Possession of a Weapon by a Prohibited Person, which I have determined is a crime of violence.

Second, the weight of the evidence against Mr. Cruickshank has not been contested.

Third, I consider Mr. Cruickshank's history and personal characteristics. In his favor: he has substantial family ties, including a wife and four young children; he has been a long term resident of the community; he has established community ties; and he has past and future employment abilities. However: he has a history of substance and alcohol abuse, and many of his motor vehicle violations reflect this abuse; he has a long history of criminal conduct, starting with a lengthy juvenile record and continuing to include numerous adult felony convictions; and he has previously failed to appear in a number of cases. Also weighing towards Mr. Cruickshank's detention is the fact that at the time he was arrested in this case, he was on pretrial release in two other cases and there is a question as to whether he was on probation in the City and County of Denver.

Finally, Mr. Cruickshank's extensive criminal record, including many serious traffic violations, as well as the seriousness of the charge in this case, reflect that the community would be in serious danger if he was released.

█ As a result, after considering all of these factors, I conclude that there is clear and convincing evidence that no condition or combination of conditions for release will reasonably assure the safety of the community. Additionally, I conclude that there is a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the appearance of Mr. Cruickshank.

Accordingly, I **ORDER THAT**:

1. Defendant's motion for review of the magistrate's detention order is GRANTED; and

2. Defendant's request for pretrial release is DENIED.