# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-51059
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOSE MANUEL ACOSTA-LEYVA,

Defendant – Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-849-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Defendant, Jose Manuel Acosta-Leyva, appeals the district court's pretrial detention order. Acosta-Leyva was charged with attempting to enter the United States with a counterfeit visa, in violation of 18 U.S.C. § 1546(a). Finding no abuse of discretion, we AFFIRM the district court's judgment, and we DENY Acosta-Leyva's motion to strike the Government's response in part.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-51059

## I.    BACKGROUND.

At Acosta-Leyva's detention hearing, Customs and Border Protection enforcement officer Michael McCall testified that Acosta-Leyva, after being advised of his rights, admitted that he knowingly purchased a counterfeit visa for $6,500 from a man in Mexico so that he could reunite with his family and seek employment in the United States.  Claudia Montiel testified that she had known Acosta-Leyva for twelve years, that she had been married to him for six years, and that they had four children.  She testified that Acosta-Leyva had lived in Oklahoma with her for the entire time she had known him, until he voluntarily departed in 2017.  She testified that her husband's parents and sister lived in Mexico.  She expressed her belief that her husband would come to court for his trial, and she agreed that he would live at home in Oklahoma if released.  She also testified that Acosta-Leyva had started the process to become a resident alien but stopped in 2013 for financial reasons.  Acosta-Leyva's counsel represented that Acosta-Leyva was not employed at the time of the hearing.

The magistrate judge ordered Acosta-Leyva released on a $20,000 bond with several conditions, including that he remain in Oklahoma County, Oklahoma when not meeting with his attorney or attending court.  The Government appealed the magistrate judge's release order to the district court, and the magistrate judge stayed the release order pending the appeal.

The district court received briefing and heard argument on the Government's appeal of the magistrate judge's order.  The district court ordered the reversal of the magistrate judge's release order and ordered the detention of Acosta-Leyva, based on the strength of the evidence against him, the high likelihood of his conviction, and the five-year statutory maximum

sentence.[1] In the district court's subsequent written order of detention pending trial, the district court expressly found "no condition or combination of conditions to reasonably assure the appearance of the Defendant as required." In a section entitled "Findings Related to Detention," the district court cited the "significant and substantial" evidence against Acosta-Leyva, including his admission of guilt; the punishment range; the record; and the fact that Acosta-Leyva "d[id] not possess any documentation allowing legal residence in the United States."

Acosta-Leyva timely filed a notice of appeal from the order of detention. After the notice of appeal was filed, the district court set a February 20, 2019 trial date.

## II.    LAW and ANALYSIS.

A judicial officer may order a defendant detained pending trial upon a finding by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person," or by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e); see *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985) (citation omitted). An assessment of whether conditions of bond will reasonably assure a defendant's appearance must take into account: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's history and characteristics including, among other things, his family ties, length of residence in the community, community ties, and past conduct; and (4) the nature and seriousness of the danger to any person or the

---

[1] During the time between the hearing before the magistrate judge and the hearing before the district judge, a grand jury returned an indictment charging Acosta-Leyva with violating a different statutory subsection, 18 U.S.C. § 1546(b)(1), which carries a five-year statutory maximum penalty. Since the hearing before the district judge, a grand jury has returned a superseding indictment charging Acosta-Leyva with a § 1546(a) violation.

community that would be posed by the defendant's release. § 3142(g). "Absent an error of law, we must uphold a district court's pretrial detention order 'if it is supported by the proceedings below,' a deferential standard of review that we equate to the abuse-of-discretion standard." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) (quoting *United States v. Jackson*, 845 F.2d 1262, 1263 (5th Cir. 1988)).

Acosta-Leyva argues that the district court abused its discretion when it reversed the magistrate judge's order of release and ordered his pretrial detention. Specifically, he asserts that the district court erred by failing to consider his history and characteristics, by considering his immigration status, and because the § 3142(g) factors demonstrate that some conditions of release would reasonably assure his appearance. We determine that the district court did not abuse its discretion by ordering Acosta-Leyva detained pending trial.

As set forth above, the district judge conducted a hearing on the Government's motion for review and revocation of the magistrate judge's release order. At the conclusion of the hearing, the district judge stated that he had reviewed the pleadings and documents in the record. He determined that "the weight of the evidence is very strong against Mr. Acosta" and noted the statutory maximum. The district court's written order specifically states that it considered "the relevant pleadings, the parties' arguments, and the applicable law," and found "no condition or combination of conditions to reasonably assure the appearance of [Acosta-Leyva] as required."

The defendant's wife testified that he has family ties in both Oklahoma and Mexico. She testified that his parents and only sibling live in Mexico and that he voluntarily departed the United States in late 2017. The defendant did not attempt to return to the United States until approximately one year later on December 5, 2018, the date of his arrest in this case. Defense counsel

No. 18-51059

indicated to the magistrate judge that the defendant had no employment in the United States at the time of the hearing.

Based on this court's review of the record, we conclude that "the evidence as a whole supports the conclusions of the proceedings below." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992) (citation omitted). The district court's judgment is supported by three of the four § 3142(g) factors: the weight of the evidence, the nature and circumstances of the offense charged, and the defendant's history and characteristics. We find no abuse of discretion by the district court. Accordingly, the district court's judgment is AFFIRMED. The defendant's motion to strike the Government's response in part is DENIED.