# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 11, 2022

Lyle W. Cayce
Clerk

No. 22-40448

United States of America,

*Plaintiff—Appellee*,

*versus*

Mario Flores,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:22-CR-89-1

Before Stewart, Willett, and Oldham, *Circuit Judges*.

Per Curiam:

Mario Flores appeals an order that he be detained pending trial. He also avers that the district court erred in failing to hold a *de novo* detention hearing. Flores is charged with possessing with intent to distribute a mixture or substance containing a detectable amount of marihuana or hashish oil and possessing a firearm in furtherance of a drug trafficking crime.

"Absent an error of law, we must uphold a district court's pretrial detention order if it is supported by the proceedings below, a deferential

standard of review that we equate to the abuse-of-discretion standard." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) (internal quotation marks and citation omitted). We review questions of law *de novo*, *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006), and we review factual findings supporting an order of detention for clear error, *United States v. Aron*, 904 F.2d 221, 223 (5th Cir. 1990).

Flores does not dispute that, in light of the charged offenses, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure his appearance at trial and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A), (B). "The presumption shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion." *Hare*, 873 F.2d at 798. But "the mere production of evidence does not completely rebut the presumption." *Ibid.* In applying this burden-shifting framework, the district court should consider the factors listed in 18 U.S.C. § 3142(g).

The magistrate judge and the district court emphasized the first and fourth § 3142(g) factors—the nature of the offense under (g)(1) and the danger to the community under (g)(4). As to the first factor, the district court emphasized the amount of drugs involved in this case and the fact that Flores faced a lengthy punishment. And as to the fourth factor, the district court correctly recognized our precedent holding "that the risk of continued narcotics trafficking on bail does constitute a risk to the community." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992). Flores was involved in trafficking a significant quantity of drugs and previously committed other drug offenses. That evidence was sufficient to support the district court's evaluation of the first and fourth § 3142(g) factors.

Flores disputes none of this. Rather, he points to the third § 3142(g) factor—regarding the personal characteristics of the defendant. Flores

presented evidence of his family connections, work history, lack of prior felonies, past compliance with bond conditions, and insufficient resources to flee. On the other hand, the record also shows that Flores previously used and distributed drugs under his parents' roof. Moreover, Flores used drugs on a weekly basis and committed the instant charged offenses while on state probation. *See* 18 U.S.C. § 3142(g)(3)(A) (drug use), (B) (probation). The evidence of Flores' work history, lack of prior felonies, and family's insufficient resources to help him flee also are not enough to demonstrate that the district court abused its discretion in evaluating the third § 3142(g) factor, let alone its consideration of all four.[*]

Because the district court's finding on dangerousness is supported by the record, we need not address its determination that Flores was a flight risk. *See Rueben*, 974 F.2d at 586. But in any event, Flores was a flight risk. Flores had a prior evading arrest charge. He had violated probation conditions in the past. And he was arrested for a drug offense, which Congress has determined "as a general rule, pose[s] *special* risks of flight." *United States v. Fortna*, 769 F.2d 243, 251 (5th Cir. 1985) (quotation omitted) (finding that a drug offender with no prior convictions, no history of violence, and significant family and community ties to an area where he owned real estate and resided for 30 years was at a risk of flight because he was involved in international drug trafficking). The district court did not abuse its discretion in concluding that even though Flores had family ties to the area, he still presented a flight risk.

---

[*] *United States v. Jackson*, 845 F.2d 1262 (5th Cir. 1988), is not to the contrary. In that case, this court found that the district court improperly relied on the § 3142(e) presumption where there was "an utter absence of incriminatory evidence" besides the indictment and where the defendant presented significant evidence of ties to the community. *Id.* at 1265–66. But here the Government presented ample evidence of the underlying drug trafficking and firearms offenses.

Finally, Flores fails to demonstrate that the district court abused its discretion by failing to conduct a *de novo* hearing. The district court only must review the evidence "*de novo* and make[] an independent determination" on a pretrial detention order. *Fortna*, 769 F.2d at 249. Neither the statute nor precedent requires a new hearing. Therefore, we conclude that the district court did not abuse its discretion.

AFFIRMED.