# United States Court of Appeals for the Fifth Circuit

---

No. 24-60167
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Aubrey Maurice Jordan,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-67-1

---

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Aubrey Maurice Jordan appeals an order of detention pending his trial on conspiracy and obstruction of justice charges arising from the shooting death of a confidential informant, whom Jordan allegedly killed. The district court found that Jordan had failed to rebut the presumption that there is no condition or combination of conditions on which he could be released that

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

would reasonably assure his appearance at trial or the safety of others. 18 U.S.C. § 3142(e)(3).

First, Jordan contends that the district court erred by failing to conduct a de novo review of the magistrate judge's (MJ) denial of his motion for pretrial release. We review questions of law de novo. *United States v. Flores*, 53 F.4th 313, 315 (5th Cir. 2022). A district court's review of an MJ's pretrial detention order should be de novo and independent. *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992). A district court satisfies de novo review "by examining the pleadings and the evidence which was developed before the [MJ] and then adopting the [MJ's] pretrial detention order." *See United States v. Hensler*, No.94-50042, 1994 WL 83436, at *2 (5th Cir. Feb. 24, 1994) (unpublished but precedential under 5TH CIR. R. 47.5.3). Although the district court here did not expressly state that it reviewed the MJ's order de novo, the district court conducted its own hearing in addition to the MJ's hearing, which it was not required to do, and the district court stated that it reviewed the record from the proceedings before the MJ as well as the additional arguments and evidence before the district court. *See id.* There is no indication that the district court impermissibly deferred to the MJ's ruling.

Additionally, Jordan argues that he is not a flight risk or a risk to others because of his ties to his community and lack of resources, as well as his parents offering to serve as his custodians. He further argues that the evidence against him is insubstantial and tainted by a suggestive witness identification and that it does not support his detention. The Government disputes his characterization of flight risk and the evidence against him, and it argues that the weight of the evidence, as well as other factors such as Jordan's criminal history, support his detention.

No. 24-60167

"Absent an error of law, we must uphold a district court order if it is supported by the proceedings below, a deferential standard of review that we equate to the abuse-of-discretion standard." *Rueben*, 974 F.2d at 586 (internal quotation marks and citation omitted). We assess "whether the evidence as a whole supports the conclusions of the proceedings below." *Id.*

Here, the district court's denial of Jordan's motion for review of the MJ's order denying pretrial release is supported by the record in light of the factors under § 3142(g). *See id.*; *see also* § 3142(e)(3). The district court did not err or abuse its discretion in finding that no condition or combination of conditions will reasonably assure the safety of the community. *See Rueben*, 974 F.2d at 585-86.

AFFIRMED.