**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Felix ARANEDA and Jose Chirino,**
**Defendants–Appellants.**

**No. 90–2271**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 13, 1990.

---

Robert G. Turner, Houston, Tex., for defendant-appellant Araneda.

David R. Bires, Houston, Tex., for defendant-appellant Chirino.

Henry K. Oncken, U.S. Atty., Terry Clark, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

PER CURIAM:

On Friday, February 2, 1990, six persons, including Felix Araneda and Jose Chirino, had their first appearance before a magistrate regarding charges that they conspired to possess with intent to deliver twenty kilograms of cocaine. The Government moved to detain five of the accused persons, including Araneda and Chirino. The Assistant United States Attorney stated that he had "talked with some of the defense lawyers," and they had tentatively agreed to have the detention hearing at 2:00 p.m. on Monday, February 5. The court asked two of the accused persons, who are not identified in the record, if they could obtain counsel by that time. They replied affirmatively. The magistrate set the detention hearing for that time.

On February 5, shortly before 11:00 a.m., the magistrate conducted a hearing to appoint counsel for one of the accused persons. The attorney for another of these persons was also present. Araneda and Chirino apparently were not present and were not represented at that hearing. After reminding the magistrate that the detention hearing for all of these accused persons was set for 2:00 p.m. that afternoon, the Assistant United States Attorney stated that he had no objection if the newly-appointed attorneys needed more time to prepare for the detention hearing, but he would "sure like to do them all at the same time since we have six Defendants...." The two defense attorneys present requested a re-setting of the detention hearing, but one of them mentioned that he "can't speak for everyone else." The magistrate postponed the detention hearing for all five accused persons until Wednesday, February 7. Counsel for Araneda and Chirino advise that a court clerk telephoned their offices and left messages that the court had cancelled the detention hearing set for 2:00 p.m. on February 5 and continued it until 2:00 p.m. on February 7.

At that detention hearing, counsel for Araneda and Chirino stated that they and their clients had been prepared to proceed on the detention hearing as it was originally set for February 5, that they did not move for continuances, and that they now objected to the proceeding on February 7 as outside the time limits set by 18 U.S.C. § 3142(f). The magistrate overruled the objection without explaining the basis of his ruling. After receiving testimony by proffer and otherwise, the magistrate ordered the detention of three of the accused persons, including Araneda and Chirino.

Chirino and Araneda appealed to the district court judge. The district court quoted the pertinent statute, which provides that a detention hearing:

> shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion of the attorney for the Government may not exceed three days.

18 U.S.C. § 3142(f). The district court held that section 3142(f) had not been violated. The district court stated that "it was reasonable for [the magistrate] to reschedule" the detention hearing until February 5, that the "continuance from February 5 to February 7 was upon the motion of defendants Ivy and Chamorro, and that the February 7 hearing occurred within five days from the first appearance." The district court also noted that no one objected to the re-setting of the detention hearing until it began on February 7. Chirino and Araneda filed timely notices of appeal.

## I. TIME LIMITS

This court upholds a district court's detention order " 'if it is supported by the

proceedings below,' a narrow standard of review that [this court] recently equated to the abuse of discretion standard." *United States v. Jackson*, 845 F.2d 1262, 1263 (5th Cir.1988) (quoting *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir.1985)). Araneda and Chirino do not challenge the delay from February 2 until February 5 because it was within the permissible time for an extension sought by the Government. The record amply supports the district court's determination that the continuance from February 5 until February 7 was sought by accused persons who have not appealed. The question presented is whether the district court abused its discretion in determining that the continuance from February 5 to February 7 did not violate section 3142(f) as to Araneda and Chirino.

▉ Nothing within section 3142(f) indicates that a continuance sought by one person affects the rights of someone else who is similarly charged. The language of that statute implies the opposite. It states that the detention hearing shall be held immediately upon the person's first appearance, with some exceptions, including the following: "a continuance on motion of *the person* may not exceed five days." Section 3142(f) (emphasis added). By analogy, the Speedy Trial principles also support this construction of section 3142(f). *See United States v. Velasquez*, 890 F.2d 717, 719 (5th Cir.1989). Accordingly, we conclude that delaying a detention hearing for one accused person who has not moved for a continuance because others, similarly accused, have exercised their right to request a continuance violates the right of the non-movant under section 3142(f) to a prompt detention hearing.

▉ That is not the end of the matter, however, as respects Araneda and Chirino. Both acknowledge that their counsel were advised by court personnel of the continuance of the detention hearing to December 7. Neither counsel objected or indicated, by motion or otherwise, that Araneda and Chirino wanted to proceed with the hearing scheduled for December 5. Under the circumstances, the magistrate could reasonably conclude that although they had not formally filed a motion for an extension to December 7 (as they were entitled to do under section 3142(f)), they had acquiesced therein. *Cf. United States v. Madruga*, 810 F.2d 1010, 1014 (11th Cir.1987) ("Unless a defendant objects to the proposed hearing date on the stated ground that the assigned date exceeds the three-day maximum, he is deemed to acquiesce in up to a five-day continuance.").

## II. MERITS

Araneda's sole argument on the merits is that he rebutted the presumption that he is a flight risk. Chirino does not present an argument on the merits.

▉ Pretrial detention is warranted if the Government shows by a preponderance of the evidence that the accused person poses a serious flight risk. *See Fortna*, 769 F.2d at 249, 252. Under 18 U.S.C. § 3142(e), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of a charged person if a judicial officer finds probable cause to believe a Controlled Substances Act violation has occurred for which a maximum penalty of ten years or more is prescribed. Araneda does not contest the application of this rebuttable presumption; instead, he argues that he overcame it.

Araneda's proffered evidence indicates the following: He is married, and his wife lives in Tampa, Florida. He has two children. He owns a home and a business in Tampa. He has worked in the carpet business in the Houston, Texas area for approximately the last five years. He has not shown significant ties in the Southern District of Texas. Although the basis for the district court's ruling is somewhat unclear, we hold that even if the district court relied upon a determination that Araneda failed to overcome the presumption, he has not shown that the district court abused its discretion in making that determination.

AFFIRMED.