UNITED STATES of America

v.

Luis POSADA CARRILES.

No. EP–07–CR–00087–KC.

United States District Court,
W.D. Texas,
El Paso Division.

April 6, 2007.

David B. Deitch, U.S. Department of
Justice, Washington, DC, for United
States of America.

### ORDER

CARDONE, District Judge.

On this day, the Court considered "Defendant Luis Posada Carriles' Appeal to the District Court of the Magistrate Judge's Order Denying Defendant's Motion to Reopen Pretrial Detention Hearing, Request for Expedited Consideration and Incorporated Memorandum of Law" ("Motion"). For the reasons set forth herein, the Motion is hereby **GRANTED,** subject to the conditions described below.

## I. BACKGROUND

Defendant Luis Posada Carriles ("Defendant") is a seventy-nine (79) year old Cuban national. In 1960, he came to the United States, married a resident of Miami, Florida, and has since fathered two children. Between 1960 and 1964, he enlisted in the United States Army and became commissioned as an officer. Eventually, he became involved with the Central Intelligence Agency.

Defendant has spent his life opposing Fidel Castro. As a result, he has allegedly been involved in and/or associated with some of the most infamous events of twentieth-century, Central American politics. Some of these events include the Bay of Pigs invasion, the Iran–Contra Affair, the 1976 bombing of Cubana Flight 455, the tourist bombings of 1997 in Havana, and even—according to some conspiracy theorists—the assassination of President John F. Kennedy.

Nevertheless, Defendant is not before this Court on charges relating to any of the events listed above. He is presently before this Court because on January 11, 2007, a federal grand jury returned a seven count indictment against him. The indictment charges Defendant with one count of violating 18 U.S.C. § 1425(a) by making false statements in the course of his application for United States citizenship. The indictment also charges Defendant with committing six separate violations of 18 U.S.C. § 1015(a) by making various false statements in connection with his attempted naturalization. In one of these six counts, the United States charges that he made a false statement by representing that he had used only the names "Luis Clemente Posada Carriles," "Ramon Medina," and "Franco Rodriguez" on various passports when, in fact, he obtained, possessed, and used a fraudulent passport issued by the Republic of Guatemala bearing his photograph and the name "Manuel Enrique Castillo Lopez."

The indictment arises out of events that began in early 2005. In March of 2005, Defendant entered the United States seeking asylum. Later, he filed an application for naturalization and was scheduled to appear for an interview with the Department of Homeland Security ("DHS") Citizenship and Immigration Services on May 17, 2005. Instead of attending the interview, on that day, he withdrew his application for asylum, requested that the DHS Citizenship and Immigration Services reschedule his interview, and held a press conference. That same day, DHS Immigration and Customs Enforcement took him into custody.

On April 6, 2006, Defendant filed a petition for Writ of Habeas Corpus, seeking release from DHS custody on the basis that his continued detention violated the principles set forth in the United States Supreme Court's decision of *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). After considering this petition, on September 11, 2006, United States Magistrate Judge Norbert J. Garney issued a well-reasoned opinion analyzing Defendant's arguments and recommending that his petition be granted. Respondents Alfredo Campos, Robert Joliceur, John P. Torres, Julie L. Myers, Michael Chertoff, and Alberto Gonzalez ("Respondents") timely filed objections to the recommendation and informed United States District Judge Phillip R. Martinez, before whom the petition was pending, that DHS had initiated review procedures under 8 C.F.R. §§ 241.13(e)(6) and 241.14 in order to authorize Defendant's continued detention. Based upon this information, Judge Martinez issued an order to show cause by no later than February 1, 2007, as to why Defendant's petition should not be granted. In so doing, he allowed Respondents ninety (90) days to

provide the court with any determinations made by DHS regarding Defendant's continued detention. Judge Martinez never received an opportunity to consider such evidence, however, because on January 11, 2007, Defendant was indicted on the charges detailed above and transferred out of DHS custody, thereby mooting his petition.

On January 22, 2007, Defendant attended his initial appearance and pretrial detention hearing relating to the January 11, 2007 indictment, again before Judge Garney. Defense counsel sought to postpone the pretrial detention hearing until after the February 1, 2007 deadline imposed by Judge Martinez. Judge Garney denied the request for a continuance.

Thereafter, Defense counsel argues that it agreed upon a "conditional waiver" of Defendant's right to a pretrial detention hearing, as long as the Government did not object to a reconsideration hearing on the issue. The Government argues that it interpreted this request for postponement as a waiver of the right to challenge the detention motion, and that it agreed not to oppose a motion for a reconsideration hearing on the issue of pretrial detention if defense counsel obtained new evidence from Mexican witnesses regarding the detention issue.

The February 1, 2007 deadline set by Judge Martinez passed without DHS providing additional evidence that would authorize Defendant's continued DHS detention. On February 28, 2007, defense counsel filed a motion to reopen the pretrial detention hearing, which Judge Garney denied on March 2, 2007, as failing to meet the statutory standard for reconsideration. That order denying the motion to reopen the pretrial detention hearing is the one currently on appeal and under consideration by this Court. This Court held a hearing regarding this matter on April 3, 2007.

## II. DISCUSSION

In his Motion, Defendant argues that this Court has jurisdiction to reopen the detention hearing because he has presented newly discovered evidence justifying reconsideration under 18 U.S.C. § 3142(f). Specifically, Defendant argues that the Government's failure to provide certification under 8 C.F.R. §§ 241.13(e)(6) and 241.14 that he poses a terrorist risk, which would justify his continued detention, is newly discovered evidence. Alternatively, he argues that the Court has the power to revoke his detention order under 18 U.S.C. §§ 3145(a) and (b). Finally, he argues that he is neither a flight risk nor a danger to the community because of his age, infirmities, and the potentially minimal sentence involved in the instant case. As a result, he requests that he be allowed supervised pretrial release on bond.

The Government responds by arguing first that this Court lacks jurisdiction to reopen the detention hearing because only the judicial officer who conducted the detention hearing can reopen it under 18 U.S.C. § 3142(f). With respect to 18 U.S.C. §§ 3145(a) and (b), the Government "defers to this Court" on whether to construe Defendant's Motion as one for revocation or amendment of the order. The Government responds next by arguing that Defendant is a flight risk because of his ability to evade detection, his access to and use of false identities and documents, his past attempts to flee prosecution, and his foreign ties and residence. Finally, the Government argues that Defendant poses a danger to the community because of his past militant activities against Fidel Castro and his alleged involvement with the incidents listed above.

### A. Jurisdiction to Reopen the Detention Hearing

■ A judicial officer is required to detain a defendant pending trial if such

officer finds that no condition or combination of conditions will reasonably assure against either 1) the failure of the defendant to appear as required, by a preponderance of the evidence, or 2) any danger that the defendant might pose to the safety of any person or the community, by clear and convincing evidence. 18 U.S.C. §§ 3142(e)-(f); *United States v. Araneda,* 899 F.2d 368, 370 (5th Cir.1990) (using a preponderance of the evidence standard for flight risk); *United States v. Jackson,* 845 F.2d 1262, 1264 n. 3 (5th Cir.1988) (using preponderance of the evidence standard for flight risk and clear and convincing standard for risk of danger); *United States v. Fortna,* 769 F.2d 243, 250 (5th Cir.1985) (discussing standards). If the judicial officer orders that a defendant be detained pending trial, the Bail Reform Act of 1984 provides two avenues through which a defendant may seek reconsideration of the detention order. *United States v. Cisneros,* 328 F.3d 610, 614 (10th Cir. 2003). First, a defendant may seek to reopen his detention hearing, before or after a determination by the judicial officer, "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f); *Cisneros,* 328 F.3d at 614.

■ Second, a defendant may file a motion for revocation of a detention order if he has been ordered detained by a United States magistrate judge or by a person other than a judge of a court having original jurisdiction over the offense. 18 U.S.C. § 3145(b); *Cisneros,* 328 F.3d at 614. This section does not require that new information be available before a detention order can be reconsidered or revoked. *Cisneros,* 328 F.3d at 614. "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben,* 974 F.2d 580, 585–86 (5th Cir.1992) (citing *Fortna,* 769 F.2d at 249).

The Court need not address whether the Tenth Circuit's holding in *Cisneros* extends to deprive a district court, in the same district as the magistrate, from reviewing a magistrate's order under § 3142(f). Rather, the Court construes Defendant's Motion as one under § 3145(b). Consequently, the Court may properly exercise jurisdiction.

## B. Pretrial Detention

As stated above, a judicial officer shall detain a defendant pending trial if the officer finds that no condition or combination of conditions will reasonably assure either the appearance of the defendant as required or the safety of any person in the community. 18 U.S.C. § 3142(f); *Rueben,* 974 F.2d at 586. In determining whether such conditions exist, the court may consider several factors including: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the person; 3) the history and characteristics of the person, including the person's character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, criminal history, and record concerning appearance at court proceedings; and 4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g); *Rueben,* 974 F.2d at 586.

■ In the instant case, the Court finds that the nature and circumstances of the offense charged weigh in favor of Defendant. He is charged with seven counts related to making false statements. He is not charged, in this or any indictment, with a crime of violence or other crimes which directly involve the immediate safety of the community. Moreover, as noted by both defense counsel and the Government, the recommended Statutory Guideline range for punishment of the offenses charged is relatively low.

The Court further finds that the weight of the evidence favors Defendant. In its response, the Government makes much of the fact that its agents discovered a Guatemalan passport with Defendant's picture and the name of "Manuel Enrique Castillo Lopez," arguing that it is direct proof that Defendant is guilty of the crimes charged in the indictment and proof that he poses a flight risk. However, arguments presented at the April 3, 2007 hearing indicate that Defendant may never have actually been in possession of this passport. Furthermore, as thoroughly discussed in Judge Garney's September 11, 2006 recommendation, there is no country willing to accept Defendant. If he were to flee to another country, Defendant would not have access to the same rights, benefits, and support that he receives in this country. Thus, the evidence indicates that Defendant does not pose a flight risk.

Similarly, the Court finds that the history and characteristics of Defendant weigh in his favor. While Defendant has had a controversial past and escaped from a foreign prison decades ago, he is now older and more frail than he was when those events allegedly occurred. He has ample ties to the community, as evidenced by the thousands of supporters who have signed petitions on his behalf and volunteered their personal resources to aid in his defense. Aside from the financial resources offered to him by supporters, Defendant appears to be a man lacking the financial resources that would make him a flight risk. In sum, though his controversial past, alleged criminal history, and record concerning past appearances at administrative proceedings may indicate that he poses some risk of flight, it is outweighed by other considerations and may be diminished by conditions of pretrial release imposed by this Court.

Finally, the Court finds that the nature and seriousness of danger to any person or the community that might be posed by Defendant's release can be reasonably reduced by a combination of conditions which will be imposed by this Court. Again, Defendant is old, infirm, and has strong ties to the community. The history of activities which the Government uses to support its position allegedly occurred years ago in foreign countries.

For the reasons set forth above, the Court finds that Defendant does not pose a flight risk at this time, nor does he present a danger to the community.

## III. CONCLUSION

For the reasons set forth above, the Motion (Doc. No. 24) is **GRANTED. IT IS HEREBY ORDERED** that Defendant Luis Posada Carriles be released pending trial subject to the following conditions:

1. That Defendant post a $250,000 cash or corporate surety bond;

2. That Defendant post a $100,000 appearance and compliance signature bond to be co-signed by his wife, son, and daughter;

3. That Defendant's wife, son, and daughter sign as third party custodians of Defendant;

4. That Defendant reside with his wife at their residence in Miami under twenty-four (24) hour home confinement, leaving only to meet with his attorney and attend appointments with his doctor

that are necessary to preserve his health, and then only after providing notice to and receiving permission from his pretrial services officer;

5. That Defendant submit to electronic monitoring;

6. That Defendant remain within his county of residence except when he is required to travel to court or unless he obtains express permission of this Court;

7. That he have no contact with any co-defendants or witnesses involved in this matter; and

8. That he report to his designated pre-trial services officer as directed.

**SO ORDERED.**